IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JESSE M. O'HEIR, | * | |
| Petitioner, | * | CASE NO. 4:05-CV-55 (GMF) |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 4:04-MJ-250 (GMF) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**ORDER**

Before the Court is Petitioner O'Heir's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The record shows that an Information was returned in this court against Petitioner, alleging two counts. Count One of the Information charged that on July 18, 2004, Petitioner drove in violation of Title 18, U.S.C. § § 7 and 13 and O.C.G.A. § 40-6-391(a)(5), by having a blood alcohol content of .116. Count Two charged the Petitioner with reckless driving on the same date, in violation of Title 18, U.S.C. § § 7 and 13 and O.C.G.A. § 40-6-390. On October 15, 2004, Petitioner entered a plea of *nolo contendre* to both charges and was sentenced to twelve months probation and a $350.00 fine on Count One and a $250.00 fine on Count Two. Petitioner did not appeal the sentence.

Section 2255 of Title 28 of the United States Code states that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

>without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Section 2255 permits **federal prisoners** under sentence to move to vacate their sentences only if**:** (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255, ¶ 1. *Medberry v. Crosby,* 351 F.3d 1049, 1058-59 (11th Cir. 2003). *See Vickers v. United States 10/1/04.*

For a § 2255 motion to be an available remedy, a Petitioner must be a prisoner who is currently serving the sentence under attack. Because the statute authorizing a motion to vacate, set aside or correct a federal sentence requires that the Petitioner be in custody at the time of filing, this remedy is unavailable to Petitioner. As such, there exists no provision in 28 U.S.C. § 2255 which would allow the Petitioner to proceed.

WHEREFORE, it is hereby ordered that Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 be DISMISSED.

SO ORDERED this 17th day of October 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE